UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MANSFIELD ROAD, LLC AND BBR SHREVEPORT, LLC | CIVIL ACTION NO. 21-1719 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 32) filed by Defendant Great American Insurance Company of New York ("Great American"). Great American seeks summary judgment as to all claims filed by Plaintiffs Mansfield Road, LLC and BBR Shreveport, LLC ("Plaintiffs"). Plaintiffs opposed the motion. See Record Document 34. Great American replied to Plaintiffs' opposition. See Record Document 35. For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of an insurance coverage dispute between Plaintiffs and their insurer, Great American. Great American issued a "Select Business Policy" to Plaintiffs, with a policy period of April 1, 2018 to April 1, 2019, and later issued a renewal of that policy to April 1, 2020.[1] See Record Document 32-2 at 1. The Policy covers Plaintiffs' co-owned shopping center ("the Property") off Mansfield Road in Shreveport, Louisiana. See id. On April 1, 2020, Plaintiffs notified Great American that damage occurred to the Property on or about March 25, 2019. See id. at 2. Plaintiffs sent this notice after an

---

[1] Both the original Select Business Policy and the renewal are referred to collectively as "the Policy," as they are substantially similar and contain the same relevant provisions.

inspection was done by a roofer, who informed Plaintiffs that the Property's roof had apparently sustained substantial hail damage. See Record Document 34 at 7. Great American issued a claim acknowledgement letter to Plaintiffs on April 1, 2020. See Record Document 32-2 at 2. Also on April 1, 2020, Great American assigned Philip Ambrose ("Ambrose"), an adjuster with Engle Martin and Associates, to the claim. See id. On May 13, 2020, an inspection of the Property took place, after which Roof Technical Specialists, Inc. ("RoofTech") issued a report documenting the results. See id. at 2–3.

After the RoofTech inspection, a series of communications took place between the insurance adjusters and, later, the parties to this suit. On July 1, 2020, Ambrose sent the Public Adjuster, Shelby Kyle ("Kyle"), an email with portions of the RoofTech report, and he advised that no apparent wind or hail damage occurred during the Great American policy period. See id. at 3. Ambrose also requested any additional available information from Kyle relating to the Plaintiffs' insurance claims. See id. On July 28, 2020, Ambrose sent another email to Kyle, apparently in response to her request for an estimate, and again asked for any additional information to substantiate the Plaintiffs' claims. See id. On July 31, 2020, Ambrose again emailed Kyle, forwarding a request from Great American for various records it needed for its investigation. See id. On September 9, 2020, Sam Talarico ("Talarico") from Great American sent a letter to Kyle and others, discussing the contents of RoofTech's report, stating there was no current indication of a covered loss, and again asking for additional information from Plaintiffs. See id. at 3–4. The September 9 letter also informed Plaintiffs that Great American would close the file within thirty days if no response was received. See id. at 4. Because no response was

received within that time, Great American closed the file on November 30, 2020, which Ambrose explained in an email to Kyle that same day. See id.

Subsequently, on December 7, 2020, counsel for Plaintiffs, Andrew Slania ("Slania"), sent a letter to Great American containing a "Proof of Loss" executed by the Property's manager, Matthew Delaney, and identifying May 8, 2019 as a date of loss. See id. Great American responded on January 14, 2021 with a letter from counsel requesting clarification of the date of loss and asserting that the Proof of Loss was insufficient. See id. at 4–5. Great American asserts that it did not receive a response to this letter. See id. at 5. Thus, on February 23, 2021, Great American sent a follow-up letter to Plaintiffs, reiterating its previous requests. See id. Thereafter, on May 26, 2021, Talarico emailed Slania requesting a response within thirty days as to the outstanding requests for information. See id. On June 3, 2021, Slania sent a response letter to Great American, which included a January 19, 2021 engineering report and January 20, 2021 estimate regarding the alleged loss. See id. Great American's counsel responded on June 14, 2021 and requested a joint re-inspection of the Property, based on the new information they had received from Plaintiffs. See id.

After the above correspondence took place, Plaintiffs filed suit on June 17, 2021 against Great American, alleging breach of contract and violations of La. R.S. § 22:1892 and the duty of good faith and fair dealing. See Record Document 1. Defendants answered the Complaint and asserted, among other affirmative defenses, that Plaintiffs' claims are barred by prescription. See Record Document 16 at 10. The parties thereafter began sending initial discovery requests. See Record Document 32-2 at 6. On May 27, 2022, Plaintiffs filed their First Amended Complaint, in which Plaintiffs specified that May

8, 2019 was the sole date of loss, not March 25, 2019. See Record Document 30 at 3. Great American filed an Answer to the Amended Complaint, asserting the same defenses. See Record Document 31.

In the present Motion for Summary Judgment, Great American asserts that no genuine issue of material fact exists as to the prescriptive period in the Policy, and therefore, Plaintiffs' claims are time-barred. See Record Document 32 at 1. Specifically, Great American argues that Plaintiffs had two years from the date of loss, May 8, 2019, to file suit, and Plaintiffs missed this window by filing suit on June 17, 2021. See id. Further, Great American asserts that it did not waive its right to assert the contractual limitations period. See id. at 2. In their opposition, Plaintiffs respond that Great American "waived its contractual limitations period by engaging in conduct that was inconsistent with those rights and that reasonably led the Plaintiffs…to believe that [Great American] would not enforce the limitations provision." See Record Document 34 at 1. Plaintiffs further assert that, even if Great American did not waive their rights, the "extra-contractual" claims of bad faith are not covered by the contractual limitations provision and are therefore not time-barred. See id. at 12. In its reply, Great American argues that its actions prior to Plaintiffs filing suit do not constitute a waiver of rights and that all Plaintiffs' claims are indeed covered by the Policy's limitations provision. See Record Document 35.

## LAW AND ANALYSIS

I.  **Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

"The interpretation of an unambiguous insurance policy is a question of law and is therefore appropriate for summary judgment." Snelling & Snelling, Inc. v. Fed. Ins. Co., 205 Fed. Appx. 199, 201 (5th Cir. 2006). Under Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code." Bernard v. Ellis, 111 So.3d 995, 1002 (La. 2012). According to the Civil Code, "[i]nterpretation of a contract is the determination of the common intent of the parties." La. Civ. Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code. art. 2046.

Further, "[t]he parties' intent, as reflected by the words of the policy, determine the extent of coverage." Elliott v. Cont'l Cas. Co., 949 So.2d 1247, 1254 (La. 2007).

II.     **Plaintiffs' claims are prescribed under the Policy**

Great American argues that, under the express terms of the Policy, Plaintiffs' claims have prescribed. See Record Document 32-1 at 12. "Insurers, like other individuals, are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume." Taranto v. Louisiana Citizens Prop. Ins. Corp., 62 So.3d 721, 728 (La. 3/15/11). "In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid." Id. (citing La. R.S. § 22:629(B)). As the Fifth Circuit has noted, "under Louisiana law, the parties to an insurance policy may contractually agree to limit the period within which suit must be filed," and "a contractual period of prescription is valid so long as it does not contravene a state statute or public policy." See Noland v. Sun Life Assurance Co. of Canada, No. 00-30943, 2001 WL 360775, at *1 (5th Cir. 2001).

Here, the Policy contains a "Legal Action Against Us" clause, which states:

> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
>
> 2. the action is brought within 2 years after the date on which the direct physical loss or damage occurred.

See Record Document 32-1 (Ex. A Select Business Policy Conditions, p.1 of 9). Notably, Louisiana courts have previously upheld substantially similar clauses in other insurance contracts. See, for e.g., Crescent City Prop. Redevelopment Assocs., LLC v. Southern Fid. Ins., Inc., 158 So.3d 100 (La. App. 4th Cir. 2014) (upholding the application of a

6

policy's two-year time limitation to file suit); La. Joint Underwriters v. Johnson, 20 So.3d 528 (La. App. 4th Cir. 2009) (upholding policy language requiring suit to be filed one year after the date of loss, despite general ten-year period that applies to breach of contract actions). Further, a two-year prescriptive period does not conflict with Louisiana law because La. R.S. § 22:868(B) places the bottom limit for such periods at twenty-four months. See La. R.S. § 22:868(B). Thus, the Policy's clause containing a two-year prescriptive period is valid.

Pursuant to this clause, Great American argues that, because the alleged date of loss was May 8, 2019, Plaintiffs must have filed suit on or before May 8, 2021. See id. at 14. Plaintiffs submitted in their Amended Complaint that the sole date of loss was May 8, 2019. See Record Document 30 at 3. Thus, this Court agrees that, under the express language of the Policy, Plaintiffs were required to file suit by May 8, 2021, yet they failed to so, instead filing suit on June 17, 2021. See Est. of DeGraauw v. Travelers Ins. Co., 940 So.2d 858, 863 (La. App. 3 Cir. 9/27/06), writ denied, 948 So.2d 1088 (La. 2/2/07) (holding suit was "prescribed on its face" where two years had passed between date of loss and filing suit). Thus, absent any waiver of the limitations provision by Great American, there is no genuine issue of material fact concerning the timeliness of Plaintiffs' suit, and thus it must be dismissed. See id. (stating that burden shifts to insured "to show that the action was not prescribed" when filed).

**III.    Great American did not waive the contractual limitations period**

Plaintiffs' primary opposition to Great American's Motion for Summary Judgment is that, by engaging in certain conduct related to the claim, Great American reasonably led Plaintiffs to believe the contractual limitations period would not be enforced, and thus

the provision has been waived. See Record Document 34 at 9. "An insurer waives a limitation period if its 'overall actions' lead the insured 'to reasonably believe the insurer w[ill] not require compliance with the policy provision that suit must be filed within [the limitation period].'" NAZ, L.L.C. v. United Nat'l Ins. Co., 779 F. App'x 200, 203 (5th Cir. 2019) (quoting Blum v. Cherokee Ins. Co., 336 So.2d 894, 897 (La. App. 4 Cir. 1976)). Whether waiver has occurred is a fact-intensive analysis. See id. Here, Plaintiffs focus on Great American's decision to initiate a new claims investigation, after the two-year period had run, as indicative of Great American's waiver. See Record Document 34 at 10. Further, Plaintiffs assert that, after suit was filed, Great American "proceeded with litigation in a manner that would naturally and predictably lead an insured to reasonably conclude that the insurer was not going to enforce a limitation against it." See id.

    This Court finds that Great American did not waive its contractual limitations provision. As a primary consideration, "Louisiana law states that '[m]ere investigation of a claim or loss does not constitute conduct which may be taken as a waiver of a policy provision.'" NAZ, L.L.C., 779 F. App'x at 203. Thus, Great American's investigation into Plaintiffs' newly-produced information related to the claim does not automatically waive the prescriptive period. The Fifth Circuit's analysis in NAZ is instructive here. See id. In NAZ, the court found that the insurer, UNIC, did not waive the contractual limitations period of two years, despite various communications with the insured, NAZ, before suit was filed. See id. The court stated that the communications between the parties "demonstrate[d] that it was not reasonable for NAZ to believe its claim would be resolved without a lawsuit because (1) UNIC repeatedly reserved its rights in the ROR letters, (2) UNIC rejected NAZ's proof of loss, and (3) the parties discussed the possibility of

litigation." See id. at 203–04. "Additionally, at no time did UNIC admit liability or assure payment." See id. at 204. The court also emphasized the fact that "UNIC continued the investigation and repeatedly requested documentation because NAZ failed to provide consistent information sufficient to adjust the claim." See id. Further, the court noted that "UNIC did not intentionally delay adjustment of the claim because it was waiting for NAZ to submit necessary documentation regarding the damage and repairs." See id. Thus, considering all of the facts and circumstances, UNIC did not waive the limitations period. See id.

Similarly, here, Great American's actions do not demonstrate a waiver of the limitations period. Like UNIC, Great American repeatedly reserved its rights in the emails and letters sent to Plaintiffs throughout the course of its investigation. See Record Document 32-1 at 17 (Ex. L Email to Slania; Ex. M Email to Slania). Also like UNIC, Great American repeatedly requested additional and necessary information from the Plaintiffs in these communications, yet Plaintiffs responded with silence. See id. Further, at no point did Great American admit to the alleged loss or agree to pay; rather, Great American explicitly told Plaintiffs that the Proof of Loss was insufficient. See Record Document 32-2 at 4–5. Finally, as of January 2021, communications between Great American and Plaintiffs were sent by retained counsel, suggesting that litigation was imminent. See Record Document 32-1 at 17 (Ex. L Email to Slania; Ex. M Email to Slania). Thus, based on the facts and circumstances here, Great American did not indicate any intention to waive the limitations period before Plaintiffs filed suit.

Plaintiffs respond that Great American, after suit was filed, engaged in litigation practice that constitutes a waiver of the limitations period. See Record Document 34 at

9

10. This Court disagrees. First, Great American asserted, in both its original Answer and its Answer to the Amended Complaint, the defense of prescription. See Record Document 16 at 10; Record Document 31 at 10. Additionally, in the months since suit was filed on June 17, 2021, the parties have exchanged initial discovery requests, but no depositions have been taken. See Record Document 35 at 2, 4. Importantly, not until Plaintiffs amended their complaint on May 27, 2022 did Great American have a concrete date of loss for the claim. See Record Document 30. It was after all doubt was removed as to the alleged date of loss that Great American filed this Motion for Summary Judgment on August 1, 2022. See Record Document 32. Thus, this Court agrees that Great American's post-suit actions do not constitute waiver of the contractual limitations period.

Instead, the relevant time period for determining if an insurer's actions constitute waiver is before the limitations period has run. See, for e.g., Griffin v. Audubon Ins. Co., 649 So.2d 72 (La. App. 1 Cir. 12/22/94), writ denied, 651 So.2d 279 (La. 3/17/95) (analyzing whether insurer's offer to pay insured's mortgage prior to expiration of prescriptive period constituted waiver); P. O. P. Const. Co. v. State Farm Fire & Cas. Co., 316 So.2d 863, 866 (La. Ct. App. 6/30/75), writ issued sub nom. P.O.P. Constr. Co. v. State Farm Fire & Cas. Co., 320 So.2d 910 (La. 1975), and aff'd, 328 So.2d 105 (La. 1976) (determining no evidence existed to show plaintiff was "lulled into a sense of security" before the prescriptive period had run). Thus, Great American's decision to investigate the claim further after the prescriptive period had run does not constitute waiver of the period, especially where Great American continued to reserve its rights and never agreed to the alleged loss or any payment. Additionally, Great American's participation in initial discovery matters does not constitute a waiver of rights, where Great

American continually asserted the prescription defense in each Answer. Thus, Plaintiffs' claims remain barred by prescription, and Great American is entitled to judgment as a matter of law.

**IV.    Plaintiffs' bad faith claims are governed by the contractual limitations period**

Plaintiffs argue that, even if the breach of contract claim is barred, the "extra-contractual" claims for bad faith and breach of the duty of good faith and fair dealing are not subject to the contractual limitations period and thus should not be dismissed. See Record Document 34 at 12. Plaintiffs point to the Supreme Court of Louisiana's opinion in Smith v. Citadel Ins. Co. for the proposition that a ten-year prescriptive period should apply to their delictual claims. See 285 So.3d 1062, 1069 (La. 2019). However, as the Eastern District of Louisiana pointed out in Melendez v. S. Fid. Ins. Co., "Smith did not turn on the existence of an insurance policy provision that contractually shortened the applicable prescriptive period, so its holding does not control this case." 503 F. Supp. 3d 504, 510 (E.D. La. 2020). As noted above, "[u]nder Louisiana law, parties can contractually shorten a prescriptive period." Id. at 509. That is exactly what the parties did in the Policy here, and thus, all claims arising from the Policy are governed by the agreed-upon two-year prescriptive period. Thus, as in Melendez, all of Plaintiffs' claims, "including any bad faith claims," have prescribed. See id. Thus, all of Plaintiffs claims are dismissed.

## CONCLUSION

For the reasons set forth above, Great American's Motion for Summary Judgment (Record Document 32) is **GRANTED**. Plaintiffs' claims against Great American are **DISMISSED WITH PREJUDICE**.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this <u>10th</u> day of <u>November</u>, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT